**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANTONIO JACKSON,

      Plaintiff,

v.                                                                 Case No. 6:16-cv-1615-Orl-37TBS

YOUR LOCATION LUBRICATION LLC,

      Defendant.

---

**ORDER**

This cause is before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal of Action *with Prejudice* as to Defendant Your Location Lubrication LLC and Incorporated Memorandum of Law (Doc. 18), filed December 20, 2016.

The parties to this action jointly request that the Court approve their settlement agreement (Doc. 18-1 ("**Settlement Agreement**")) as to Plaintiff's claim for unpaid overtime wages under the Fair Labor Standards Act ("**FLSA**"). (Doc. 18 ("**Motion**").) Upon consideration, the Court finds that the Motion is due to be denied and that the Settlement Agreement is due to be rejected.

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013); *Lynn's Food*, 679 F.2d at 1352 (holding that

an employee's rights under the FLSA "cannot be abridged by contract or otherwise waived").

Specifically, in FLSA actions, district courts must scrutinize any settlement "for fairness" before entering a stipulated judgment. *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306–07 (11th Cir. 2013); *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013). To do so, the Court must determine that any settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food,* 679 F.2d at 1355. District courts are afforded discretion in deciding whether to approve an FLSA settlement agreement. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

In exchange for monetary consideration, the instant Settlement Agreement contains a general release pursuant to which Plaintiff agrees to release and forever discharge Defendant "from any and all claims . . . of any nature whatsoever" that Plaintiff has "arising out of or which have resulted or may result from Plaintiff's employment." (Doc. 18-1, p. 1.) The inclusion of this general release language is fatal to the Motion. The attempt to salvage the general nature of the release by limiting it to "claims arising out of or which have resulted or may result from Plaintiff's employment with Defendant" is ineffective. This language would still arguably bar many types of claims outside the FLSA context including, for example, claims under Title VII for discriminatory or retaliatory conduct, among others.

Importantly, the value of a full general release is typically incalculable and, thus, cannot be saved by an arbitrary exchange of consideration. Moreover, because plaintiffs can only compromise FLSA claims on the basis of a "dispute over FLSA provisions," concessions unrelated to the substance of FLSA claims have no place in FLSA settlements. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Indeed, a plaintiff's FLSA claim—which is intended to remedy a defendant's violation of mandatory law—should not be used as leverage to procure a general release of all possible claims. *Cf. Lynn's Food*, 679 F.2d at 1352 (recognizing that "[t]he FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours"); *see also Smith v. Lagassee, Inc.*, No. 6:12-cv-676-Orl-36TBS, 2012 WL 5430961, at *1 (M.D. Fla. Nov. 7, 2012) (finding that a general release "offends the principles of the FLSA."). As such, the Motion is due to be denied and the Settlement Agreement is due to be rejected.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.  The parties' Joint Motion for Approval of Settlement and Dismissal of Action *with Prejudice* as to Defendant Your Location Lubrication LLC and Incorporated Memorandum of Law (Doc. 18) is **DENIED**.

2.  The parties' Settlement Agreement (Doc. 18-1) is **REJECTED**.

3.  On or before Wednesday, **January 4, 2017**, the parties may move for approval of an amended settlement agreement consistent with the terms of this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 21, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record